### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

**RONNIE MOBLEY**                                                                               **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:04CV-P147-R**

**CASEY COUNTY DETENTION CENTER**                                     **DEFENDANT**

### OPINION

Plaintiff Ronnie Mobley, who is currently incarcerated at the Grayson County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") against the Casey County Detention Center alleging inadequate medical treatment while housed in that facility. Upon *sua sponte* consideration of the complaint, the court concludes that the instant action must be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of available administrative remedies.

### I. BACKGROUND AND SUMMARY OF CLAIMS

The plaintiff filed this action against the Casey County Detention Center seeking monetary and punitive damages in an unspecified amount. As a preliminary matter, the court notes that the plaintiff actually filed four copies of his § 1983 complaint. He did not advise which was to be the original and which were copies. Ordinarily, this would not pose a problem, but because the content with respect to the exhaustion issue was different in the complaints, the court, for uniformity, entered an order directing the plaintiff to fill out a court-supplied § 1983 form. The plaintiff complied.

The plaintiff did not fill out the statement-of-claim portion of any of the complaints he submitted to the court. Instead, he wrote his claims on attachments to the complaints. The

attachments are identical in all of the complaints filed. The factual allegations are thus taken from the attachments.

The plaintiff alleges that he has a "Serious Medical Condition" that requires him to take medication on a daily basis. When he was placed in the Casey County Dentention Center, however, he was taken off his medication, which resulted in his being hospitalized on two occasions. According to the plaintiff, "The proper action wasn't taken, [s]o that it happen to me once, but it happened twice." He reports that the Casey County Detention Center does not have a nurse on duty after certain time and contends that "because of this practice I've almost lost my life." In fact, the plaintiff reports that there is no medical attention after hours at Casey County Dentention Center, and he claims that the staff at the detention center is not qualified to react to his high blood pressure problem. He states, "I had papers brought to me in the hospital to sign, to be put on life support if necessary, if i die in one of the incidents." He states that he now has "a heart problem for life. That i did not have before i came to Casey County. Do to the refusal and inproper Medical Care."

In addition to claiming a denial of medical treatment, the plaintiff claims that he did not "get the proper meals to help [his] condition." He contends that he was served "greasy, salty, and spiced up food that are critical to my health problem."

## II. DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") established an administrative exhaustion requirement for actions initiated under 42 U.S.C. § 1983. The administrative exhaustion requirement is contained in 42 U.S.C. § 1997e(a) and provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

In enacting this provision, Congress clearly imposed a prerequisite upon prisoners seeking to bring conditions-of-confinement claims under § 1983. The exhaustion of administrative remedies is now mandatory, rather than discretionary. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). When a prisoner files a civil rights action in federal court without first exhausting his administrative remedies, dismissal of the complaint is proper. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e."). "The statutory language, 'no action shall be brought' until all administrative remedies are 'exhausted,' should be interpreted to mean precisely what is obviously intended – that a federal court should not prematurely 'decide' the merits of any such action." *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998); *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004) ("[T]he policy behind the heightened pleading standard is that [d]istrict courts should not have to hold time-consuming evidentiary hearings in order simply to determine whether it should reach the merits or decline under the mandatory language of § 1997e. . . ."), *cert. denied*, – S. Ct. – , 2005 WL 637210 (U.S. Mar. 21, 2005) (alteration in original). Complete exhaustion of administrative remedies is required by § 1997e(a) even if the administrative process cannot provide the plaintiff with the relief he seeks. *Booth v. Churner*, 532 U.S. 731 (2001).

The plaintiff has the burden of pleading exhaustion of his administrative remedies. *Knuckles El v. Toombs*, 215 F.3d at 642. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his complaint any decision demonstrating

the administrative disposition of his claims.  *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d at 1104.  If written documentation is not available, a prisoner must describe with specificity the administrative proceeding and its outcome.  *Knuckles El v. Toombs*, 215 F.3d at 642.

In the instant case, the plaintiff did not attach copies of any grievances to his complaint.  He did, however, address the issue, albeit insufficiently, in his complaints.  In each of the initially filed copies of the complaint, he answered in the affirmative that there is a grievance procedure in the institution where the facts happened and that he presented the facts relating to his complaint in the administrative remedy procedure.  In three of the four initially filed copies, he additionally advised that he "made an complaint to the nurse.  Nurse said it was up to the doctor about my medication."

In the new complaint filed in response to the court's order, the plaintiff marks "NO" to the question of whether there is a prisoner grievance procedure at the institution where he claims the incidents occurred.  He then advises that he nonetheless complained to the nurse at the Casey County Detention Center but received "no type of results from the nurse staff.  Claim they had to check with the doctor, but was refused."  *Id.*

Due to the inconsistency in the plaintiff's statements with respect to whether the Casey County Detention Center had a grievance procedure, the court ordered the jailer to provide the court with a copy of the jail's grievance procedure, if any.  Casey County Jailer Tommy Miller submitted the grievance procedures to the court, and the court directed service of the procedures on the plaintiff.  The plaintiff has not contested their application to his period of detention.

4

>The submitted grievance policy provides:
>
>Any inmate shall be allowed to file a grievance at such time as the inmate believes that he or she has been subject to abuse, harassment, abridgment of civil right, or denied privileges specified in the posted rules. (Grievances must be restricted to incidents which occur while the prisoner is in custody of the facility) No prisoner shall fear against reprisal for initiating grievance procedure.

The grievance procedure provides that "A grievance shall be made in the form of a written statement by the inmate promptly following the incident, sealed in any unstamped envelope and addressed to the jailer." The jailer shall review and investigate the grievance and provide a response within 7 days of the investigation. The grievance procedure contains an appeal provision, which provides, "If not satisfied with the disposition of the grievance by the jailer, the inmate shall be furnished paper, pencil, and an envelope in order to set forth his grievance in writing and his objection to the disposition of the grievance. The inmate's appeal letter will then be forwarded to the Casey County Jailer."

The submission by Jailer Miller reveals that the Casey County Detention Center does have a grievance procedure in place. In spite of the ambiguous appeal provision, the plaintiff was required to at least initiate a grievance with the jailer, which he does not report doing. His checking "Yes" to the boilerplate form question of whether he presented the facts relating to his complaint in the administrative remedy procedure fails to describe with specificity the administrative proceeding and its outcome, and he does not specify which of his claims he grieved. And, while he may have complained to the nurse, his failure to follow the formal grievance procedure necessitates dismissal. *Freeman v. Francis*, 196 F.3d 641, 644-45 (6th Cir. 1999); *see also Shephard v. Wilkinson*, No. 01-3665, 2001 WL 1563934, at *1 (6th Cir. Dec. 5,

2001) (finding that plaintiff failed to exhaust under § 1997e(a), where he informally presented his claims in numerous letters to prison and public officials).

The instant action must therefore be dismissed without prejudice for failure to demonstrate exhaustion of available administrative remedies. *Boyd v. Corr. Corp. of Am.*, 380 F.3d at 994 ("A dismissal under § 1997e should be without prejudice."); *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*.") (quoting *Knuckles El v. Toombs*, 215 F.3d at 642, and citing *Brown v. Toombs*, 139 F.3d at 1104).

The court will enter a separate order consistent with this opinion.

Date:


cc:     Plaintiff, *pro se*
        Casey County Attorney
4413.005